UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Stuart Robinson,<br><br>    Plaintiff(s),<br><br>vs.<br><br>City of Las Vegas,<br><br>    Defendant(s). | 2:24-cv-02417-MDC<br><br>ORDER DENYING IFP APPLICATION |

Pending before the Court is *pro se* plaintiff Barbara Stuart Robinson's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) ("IFP application") and Complaint (ECF No. 1-1). For the reasons stated below, the Court DENIES her IFP application without prejudice and with leave to file an amended application that addresses the Court's concerns stated below. The Court defers screening plaintiff's Complaint at this time.

## DISCUSSION

I. IFP APPLICATION

 A. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B. ANALYSIS**

Plaintiff's IFP application is inconsistent, vague, and the Court cannot determine whether plaintiff qualifies to proceed IFP at this time. Plaintiff states that she has been newly hired and has not

been put on the payroll. ECF No. 1 at 1. However, plaintiff reports that she made $0 in gross pay/wages and takes home $20.19. *Id.* Plaintiff does not explain the discrepancy of how she has take-home wages with no gross pay. Furthermore, although plaintiff reports that makes $230.00 a month on "UBER," she also reports that she has no vehicle. *Id.* at 1-2. It is unknown to the Court how plaintiff can make income through UBER if she reports that she has no vehicle. UBER is a well-known transportation and delivery service provider which presumably necessitates the use of vehicles. Given such inconsistencies and vague responses, the Court DENIES plaintiff's IFP application without prejudice to give plaintiff an opportunity to file a more complete and more accurate IFP application.

Plaintiff is directed to complete a long-form IFP application. Plaintiff must answer all questions on the IFP application and cannot leave any questions blank. Simply putting "N/A" or "Not applicable" will not be sufficient. Plaintiff must also provide an explanation as to how she makes income through UBER when she claims she has no vehicle. Plaintiff should also provide any updated employment and wage information, as she has indicated she was newly employed at the time of filing.

## II. VEXATIOUS LITIGANT WARNING

The Court notes[1] that plaintiff has been deemed a vexatious litigant in the Washington Western District Court. *See Robinson v. Tacoma Cmty. College*, 2011 U.S. Dist. LEXIS 140641 (D. Nev. Dec. 7, 2011). The Court also noted this concern in a previous proceeding. *See Robinson v. City of Las Vegas*, 2:22-cv-00174-ART-VCF, 2022 U.S. Dist. LEXIS 71487 (D. Nev. April 9, 2022). Although the Court defers screening plaintiff's Complaint at this time, the Court takes judicial notice of plaintiff's history of vexatious activity. Therefore, the Court cautions plaintiff that should her Complaint be found to be duplicative or frivolous in nature, the Court may issue sanctions.

//

//

---

[1] *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts")

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff has until **February 7, 2025**, to either file a long-form IFP application or pay the filing fee.

3. Failure to timely comply with this order may result in a recommendation that this case be dismissed.

4. The Court DEFERS screening plaintiff's Complaint at this time.

5. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. *See* 28 U.S.C. § 1915(e)(2).

DATED this 8th day of January 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.