UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Stuart Robinson,<br><br>                  Plaintiff(s),<br><br>vs.<br><br>City of Las Vegas,<br><br>                  Defendant(s). | 2:24-cv-02417-MDC<br><br>ORDER |

Pending before the Court is *pro se* Plaintiff Barbara Robinson's *Motion/Application for Leave to Proceed In Forma Pauperis* ("IFP application") (ECF No. 7). For the reasons stated below, the Court DENIES the IFP application but does so without prejudice.

**DISCUSSION**

**I. BACKGROUND**

This is a case arising from an alleged First Amendment violation. *ECF No. 1-1*. Plaintiff alleges that a city run homeless shelter violated the Free Exercise Clause when they removed her from the premises for "listening to gospel music and clapping her hands." *Id.* at 2.

On December 23, 2024, Plaintiff filed her short-form IFP application (ECF No. 1) and Complaint (ECF No. 1-1). On January 8, 2025, the Court denied her short-form IFP application without prejudice and deferred screening her Complaint. *ECF No. 5*. The Court ordered plaintiff to either file a long-form IFP application or pay the filing fee by no later than February 7, 2025. *Id.* Plaintiff filed her long-form IFP application on February 6, 2025.

**II. LEGAL STANDARD**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."

*Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

  The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

  The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No.

215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**III. ANALYSIS**

Plaintiff failed to comply with the Court's prior Order. *See ECF No. 5.* The Court denied Plaintiff's short-form IFP application because it was "inconsistent, vague, and the Court [could] not determine whether plaintiff qualifie[d] to proceed IFP at [the] time." *Id.* One major discrepancy that the Court ordered plaintiff to cure was regarding her UBER employment. Plaintiff reported that she did not have a vehicle; however, plaintiff also reported that she made additional income through UBER. *See ECF Nos. 1, 5.* UBER is a well-known transportation and delivery service provider which presumably necessitates the use of vehicles. The Court was unable to determine, nor did plaintiff explain, how she made her income through UBER when she did not have a vehicle[1]. Upon filing her long-form IFP application (ECF No. 7), plaintiff omitted her UBER income. However, this omission now makes her long-form IFP application inconsistent with plaintiff's short-form application. Plaintiff does not provide an explanation for why she now omits the UBER income. Furthermore, plaintiff now reports rent/mortgage payments and medical/dental expenses when she failed to do so before. *See ECF No. 7.* There is no explanation for this inconsistency. For the foregoing reasons, the Court is unable to determine whether plaintiff qualifies for IFP status at this time. However, the Court will give plaintiff another opportunity to file an IFP application.

Should plaintiff choose to refile her long-form IFP application, she must fully answer each question. Questions cannot be left blank. Furthermore, plaintiff must explain the noted inconsistencies. Plaintiff should make sure to specifically address [1] how she made/makes income from UBER without a vehicle, [2] why she failed to include the UBER income in her long-form application, and [3] the

---

[1] The Court notes that this is not the first instance plaintiff reported she did not have a vehicle but still received income from UBER. In a prior proceeding, plaintiff reported that she made income from Door Dash and UBER Eats, but also stated she did not own a vehicle. *See Robinson v. City of Las Vegas*, 2022 U.S. Dist. LEXIS 71487, at *1-2 (D. Nev. April 19, 2022).

inconsistency in monthly payment information between her two applications. If there are any changes in information between plaintiff long-form IFP application at ECF No. 7 and her new application, plaintiff should note the difference and provide an explanation.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion/Application to Proceed In Forma Pauperis* (ECF No. 7) is DENIED WITHOUT PREJUDICE.

2. Plaintiff shall either file a new, long-form IFP application or pay the filing fee by no later than **March 25, 2025.**

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 21st day of February 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.