UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Stuart Robinson,<br><br>              Plaintiff(s),<br><br>vs.<br><br>City of Las Vegas,<br><br>              Defendant(s). | 2:24-cv-02417-MDC<br><br>**ORDER DENYING IFP APPLICATION** |

Pending before the Court is plaintiff's *Motion/application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 9). For the reasons stated below, the Court denies the IFP application without prejudice and with leave to refile.

**DISCUSSION**

**I.  BACKGROUND**

This is a case arising from an alleged First Amendment violation. ECF No. 1-1. Plaintiff alleges that a city run homeless shelter violated the Free Exercise Clause when they removed her from the premises for "listening to gospel music and clapping her hands." Id. at 2.

On December 23, 2024, Plaintiff filed her first IFP application. *See ECF No. 1*. On January 8, 2025, the Court denied her initial IFP application without prejudice and ordered her to either file a long-form IFP application or pay the filing fee by no later than February 7, 2025. *See ECF No. 5* On February 6, 2025, plaintiff filed her second IFP application. *See ECF No. 7*. On February 21, 2025, the Court denied her long-form IFP application for failing to comply with the Court's prior Order. *See ECF No. 8*. The Court gave plaintiff an opportunity to file an amended long-form IFP application, addressing the issues discussed, by no later than March 25, 2025. *Id.* Plaintiff filed her third IFP application on February 27, 2025. *See ECF No. 9*.

//

//

## II. IFP APPLICATION

### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically

does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

### B. Analysis

Plaintiff timely submitted her third IFP application; however, the IFP application does not comply with the Court's prior Order (*see ECF No. 8*). The Court denied plaintiff's second IFP application (ECF No. 7) because it was not compliant with the Court's Order and inconsistent with her short-form (initial) IFP application. *See ECF No. 8.* Specifically, plaintiff [1] failed to address the inconsistency between her statement she works for UBER and her assertion that she has no vehicle and [2] reported payments she did not disclose in her initial IFP application. *See ECF Nos. 5, 7.* Because plaintiff's second IFP application was inconsistent with her initial IFP application, the Court could not decide as to whether plaintiff qualified for IFP status. *ECF No. 8*. The Court gave plaintiff another opportunity to apply for IFP status and ordered to her to:

> specifically address [1] how she made/makes income from UBER without a vehicle, [2] why she failed to include the UBER income in her long-form application, and [3] the inconsistency in monthly payment information between her two applications. If there are any changes in information between plaintiff long-form IFP application at ECF No. 7 and her new application, plaintiff should note the difference and provide an explanation.

*ECF No. 8 at 4-5*.

Plaintiff now reports another different employer (Levy/Lumen Field). Plaintiff also reports a different income and now states that she made an average of $545.16/month in the past twelve months and that she is expected to make the same amount in the coming month. *See ECF No. 9 at 1*. This appears inconsistent with plaintiff's previous IFP application (ECF No. 7) where she reported she made an average of $1,765/month and that she is expected to make the same amount in the coming month. Plaintiff's second IFP application was signed on January 30, 2025, and filed on February 6, 2025. Plaintiff's third IFP application was signed on February 24, 2025, and filed on February 27, 2025. This is within plaintiff's expected income range. However, there is no explanation as to why plaintiff reports $1,765 in her second IFP application but reports $545.16 in her third IFP application.

Plaintiff states that she is currently employed at "Levy/Lumen Field" and has been employed there since March 2024. *See ECF No. 9 at 2*. This is inconsistent with plaintiff's previous two IFP applications. In plaintiff's initial IFP application, she reported that she was employed at "Manheim Auto Auction Driver" as a new hire and made additional income through UBER. *See ECF No. 1 at 1*. In plaintiff's second IFP application, she reported that she was employed at "Cox Automotive" and had been since January 6, 2025. *ECF No. 7 at 2*. Plaintiff neither reported UBER as a current employment nor a previous one in her second and third IFP applications. To the extent that plaintiff is no longer employed or makes income through UBER, she failed to fully answer question 1 of the long-form IFP application. To the extent that plaintiff is no longer employed at either Cox Automotive or Manheim Auto, she failed to fully answer question 2 of the IFP application.

In plaintiff's third IFP application, plaintiff now reports she owns a home valued at $2,400. *ECF No. 9 at 3*. This is inconsistent with her second IFP application where she reports she did not own a home. *ECF No. 7 at 3*. However, given that plaintiff filed a *Notice of Change of Address* (ECF No. 10) at the same time as her third IFP application, this inconsistency appears to be with good cause.

There are a few inconsistencies between plaintiff's second and third IFP application in the reported monthly expenses. *C.f. ECF Nos. 7 and 9*. For example, plaintiff reported $275/month in medical and dental expense in the second IFP application and $0/month in her third IFP application.

In sum, the Court finds that plaintiff failed to comply with the prior Order (*see ECF No.* 8) and that there are inconsistencies between the second and third IFP applications.

**III. CONCLUSION**

As noted above, the Court specifically ordered plaintiff to specifically address any inconsistencies that may appear between her second and third IFP application. Because plaintiff failed to do so, there are unexplained inconsistencies in plaintiff's third IFP application (ECF No. 9). Therefore, the Court cannot determine whether plaintiff qualifies for IFP status at this time. However, the Court will give plaintiff another opportunity to explain the inconsistencies and concerns noted in this Order. Plaintiff must fully answer each question. Questions cannot be left blank. Any changes or differences between should be explained either in the IFP application or in a separate attachment.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 9) is DENIED WITHOUT PREJUDICE.

2. Plaintiff shall either file a new, long-form IFP application, consistent with this Order, or pay the filing fee be no later than **May 16, 2025**.

3. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 16th day of April 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.