UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barbara Stuart Robinson,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>City of Las Vegas,<br><br>                    Defendant(s). | 2:24-cv-02417-MDC<br><br>ORDER |

Pending before the Court is plaintiff's *Motion/Application for Leave to Proceed In Forma Pauperis* ("IFP application") (ECF No. 13). For the reasons stated below, the Court denies the IFP application and orders plaintiff to pay the filing fee.

**DISCUSSION**

**I. INTRODUCTION**

This is a case arising from an alleged First Amendment violation. *ECF No. 1-1*. Plaintiff alleges that a city run homeless shelter violated the Free Exercise Clause when they removed her from the premises for "listening to gospel music and clapping her hands." *Id.* at 2.

Plaintiff seeks to proceed *in forma pauperis* and has filed several IFP applications, which the Court has denied. Because plaintiff failed, several times, to cure the deficiencies in her IFP application, the Court denies plaintiff IFP status.

**II. IFP APPLICATION**

   **A. Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify

for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No.

215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

### B. Procedural Background

This is plaintiff's fourth IFP application. *See ECF Nos. 1,7, and 9*. The following is a summary of the previous proceedings.

On December 23, 2024, plaintiff filed her first IFP application. *See ECF No. 1*. On January 8, 2025, the Court denied the IFP application because "inconsistent, vague, and the Court [could not] determine whether plaintiff qualifies to proceed IFP at [the] time." *ECF No. 5 at 2:24-25*. Most notably, the Court found that plaintiff reported she makes $230.00 a month on "UBER," but also reported that she has no vehicle. *Id.* at 3. UBER is a well-known transportation and delivery service provider which presumably necessitates the use of vehicles. The Court could not determine how plaintiff makes income through UBER if she reported that she has no vehicle. *Id.* Thus, the Court denied plaintiff's first IFP application (*ECF No. 1*) and ordered her to file a long-form IFP application. *See ECF No. 5*. The Court ordered plaintiff to completely answer each question and to provide explanations for the Court's noted inconsistencies. *Id.* at 3. Plaintiff failed to do so.

On February 6, 2025, plaintiff filed her second IFP application. *See ECF No. 7*. On February 21, 2025, the Court denied her second IFP application because plaintiff failed to comply with the Court's Order (*ECF No. 5*) and because her second IFP application contained new deficiencies. *ECF No. 8*. Foremost, rather than explaining the inconsistency with her UBER income and lack of vehicle, plaintiff merely omitted her UBER income in her second IFP application. *See ECF No. 7*. Second, plaintiff also reported new regular expenses when she failed to do so previously. *See ECF Nos. 7, 8*. Plaintiff provided no explanation for the inconsistency. Therefore, the Court denied plaintiff's second IFP application, but gave plaintiff another opportunity to cure her deficiencies and comply with the Court's prior Order. *See ECF Nos. 5, 8*. The Court cautioned plaintiff that "[i]f there are any changes in information between plaintiff long-form IFP application at ECF No. 7 and her new application, plaintiff should note the difference and provide an explanation." *ECF No. 8 at 4*. Plaintiff failed to do so.

On February 27, 2025, plaintiff filed her third IFP application. *See ECF No. 9.* On April 16, 2025, the Court denied her third IFP application because it failed to comply with the Court's prior Order. *See ECF Nos. 8, 12.* Plaintiff's third IFP application also contained new inconsistencies. For example, plaintiff reported another different employer than previously disclosed. The Court noted that plaintiff employment periods were inconsistent with previous IFP applications. *ECF No. 12 at 4.* The Court noted that plaintiff reported she was employed at "Levy/Lumen Field" since March 2024 in her third IFP application, but reported she was employed at "Cox Automotive" since January 2025 in her second IFP application. *Id.* Plaintiff also failed to explain the Court's prior concerns regarding her UBER employment. Therefore, plaintiff either did not completely answer her second IFP application or has provided false answers. The Court also noted inconsistencies in some of plaintiff's report monthly expenses. *See ECF No. 12 at 5.* The Court gave plaintiff an opportunity to file an IFP application that was compliant with the Court's Orders (*see ECF Nos. 5, 8, and 12).*

Currently pending before the Court is plaintiff's fourth IFP application (*ECF No. 13)*, which again fails to comply with the Court's prior Orders.

**C.  Analysis**

On April 28, 2025, plaintiff filed her fourth IFP application. *See ECF No. 13.* Plaintiff again reports a new monthly income and new employment. *See ECF Nos. 9, 13.* Plaintiff reports a new part-time employment with "Mariners Ball Club" with a gross monthly pay of $650. *ECF No. 13 at 2.* Plaintiff reports that she has been employed since March 2025. *Id.* However, plaintiff fails to include her past employment previously reported in her prior IFP applications. The Court notes that plaintiff has reported a different employer on each new IFP application but has consistently failed to properly report her past employments. Like her previous IFP applications, her fourth IFP application is incomplete and inconsistent.

Plaintiff reports that her home is valued at what appears to be a negative number (i.e., "-2,000"). It is unclear what plaintiff means by this. To the extent the "negative" is a typo, and plaintiff means her

home is valued at "$2,000," the answer is inconsistent with her prior answer which valued her home at "$2,400." *Compare ECF No.9 with ECF No. 13.* To the extent plaintiff intended to report a negative number, it is unclear what is meant by that.

Plaintiff has again failed to comply with the Court's Orders (*see ECF Nos. 5, 8, and 12*) to provide an explanation for the inconsistencies between her IFP applications. The Court previously warned plaintiff that she must explain any inconsistencies between her IFP applications. *See ECF Nos. 8, 12*. Plaintiff has continued to evade providing an explanation regarding the UBER employment, inconsistent employment, inconsistent monthly expenses, and inconsistent monthly income. Rather, plaintiff's explanation merely states:

> My name is Barbara Stuart Robinson and I am currently in poverty due to these reasons. (Evil) Eve and her children and followers lached on to me because I am a child of Congress, they dont the Government and they are trying to use me to follow the governments every move to overthrough the government. When I get a job they get me fired if they keep me broke I have to stay at the bottom. They tend to lach on everything I do to force me to stay to thier close watch. In this case Defendants were helping deprive me of life. no car no$.

*ECF No. 13 at 5* (errors present in original).

The Court has given plaintiff several opportunities to comply, and plaintiff has failed each time. Plaintiff's "explanation" not only fails to comply with the Court's prior Orders, but it also raises questions regarding plaintiff's Complaint. The Court notes[1] that this Court has revoked plaintiff's IFP status in another case when it was revealed plaintiff could pay the filing fee. *See generally Robinson v. City of Las Vegas*, 2022 U.S. Dist. LEXIS 71487 (D. Nev. April 19, 2022) (revoking plaintiff's IFP status after she paid the filing fee after her complaint was screened). The Court also notes that plaintiff has been deemed a vexatious litigant in the Western District of Washington. S*ee Robinson v. Tacoma Cmty. College*, 2011 U.S. Dist. LEXIS 140641 (W.D. Wash. Dec. 7, 2011). The Court is concerned that plaintiff's continued lack of compliance is again another attempt to avoid paying the filing fee when she

---

[1] *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560 (9th Cir.1964) (a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases).

is able to do so. Therefore, the Court denies plaintiff's fourth IFP application (ECF No. 13) and orders plaintiff to pay the filing fee.

## III. CONCLUSION

Plaintiff has continuously failed to comply with this Court's Orders to file a complete and compliant IFP application. The Court has given plaintiff numerous opportunities and plaintiff has failed to comply each time. Furthermore, it appears that plaintiff has been able to afford the filing fee in the past, even after being granted IFP status. Therefore, it is not in the interest of justice or judicial economy to give plaintiff another opportunity to file an IFP application. Thus, the Court denies plaintiff's fourth IFP application and orders her to pay the filing fee.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 13) is **DENIED**.

2. Plaintiff shall pay the full filing fee by no later than **June 30, 2025.**

3. Failure to comply with this Order may result in a recommendation that this case be dismissed.

DATED this 30th day of May 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.